## Commonwealth v. George

*John Deutsch* and *George McKinley*, for Commonwealth.

*Roger N. Nanovic*, for defendant.

HEIMBACH, P. J., March 27, 1968. — The above-named defendant was convicted of violating section 830 of the Act of June 3, 1937, P. L. 1225, art. VIII, as amended May 31, 1947, P. L. 386, sec. 3, 34 PS §1311.830. This section provides:

"Every person who shall have caused or been involved in an accident in which a human being has been injured by gunfire while hunting or trapping, or shall have inflicted an injury upon himself with firearms, or with a bow and arrow, while hunting or trapping, shall render a report to the commission at Harrisburg, by registered mail, or deliver the same to any salaried officer of the commission on duplicate forms provided for that purpose, within seventy-two hours after such injury, unless such person be physically incapable of making the required report, in which event it shall be the duty of the person or persons involved in the accident to designate an agent to file the report within the specified time.

"Any person who shall have been involved in an accident with firearms or bow and arrow while hunting or trapping, and who shall fail to submit the report specified, within the required time, shall, upon conviction, in a nonfatal accident, be sentenced to pay a fine of twenty-five dollars and costs of prosecution; and for a fatal accident fifty dollars and costs of prosecution": 1937, June 3, P. L. 1225, art. VIII, §830; 1947, May 31, P. L. 386, §3.

We made absolute the rule granted on defendant's petition for the allowance of an appeal, there being no answer filed thereto by the Commonwealth.

The matter came on for hearing and we find the following facts:

1. On November 27, 1967, in Kidder Township, Carbon County, defendant, while hunting deer with two brothers aged 14 and 18, respectively, suffered a serious wound from a shot fired by an unknown person.

2. He was taken to the Hazleton State Hospital, where he remained until January 5, 1968.

3. For the first eight days he was in a critical condition and lacked capacity either to make out the accident report form required by section 830 of The Game Law, supra, or to designate an agent to do so.

4. On December 3, 1967, the prosecutor, a game protector employed by the Game Commission of the Commonwealth of Pennsylvania, gave two sets of report forms to defendant's parents for completion by defendant and his 14-year-old brother.

5. The prosecutor received the set of forms completed by the 14-year-old brother two or three days later.

6. On the 9th or 10th of December 1967, the prosecutor called on defendant in the hospital and, upon learning defendant had not received the first set of forms, left with him another set for completion.

7. At that time, defendant and the prosecutor discussed the shooting occurrence in detail.

8. On December 11, 1967, when the prosecutor returned to the hospital for the completed forms, he was advised by defendant that, upon the advice of his father, he would not file a written report.

9. On December 27, 1967, one Paul Glenny, of the Game Commission, requested the help of defendant's father in obtaining the report.

10. On December 2, 1967, the prosecutor filed a complaint in the Juvenile Court of Carbon County, charging defendant's 14-year-old brother with shooting at a human being in mistake for an animal.

11. On February 5, 1968, after hearing, the charge brought against said 14-year-old brother was dismissed for lack of proof.

12. On February 12, 1968, defendant was formally charged with having, "on or about November 30th, 1967, failed to submit the required report, for being

involved in a hunting accident, within seventy-two hours".

## DISCUSSION

Defendant argues, and we are in complete agreement, that defendant is not guilty of the violation charged and the appeal must be sustained.

Section 830 of The Game Law provides for the filing of reports within 72 hours after a shooting injury occurs while hunting. There is no provision for the filing of a report, whatever the reason may be, after the lapse of 72 hours from the time of the occurrence. Any extension of the period by the Game Commission or its representatives is without legal sanction.

Thus, are we to find, as contended by the prosecutor, but not the district attorney, that despite defendant's incapacity, from the time of injury to many days beyond the 72 hours allotted to make out the required form or designate some one to do so, he nevertheless is guilty under the terms of the statute? Such a contention, in our opinion, could not possibly be made other than with tongue in cheek.

What the Supreme Court said in Ayers, Appellant, v. Morgan, 397 Pa. 282, 284, and said many times before, is apposite, and we adopt the statement in sustaining the appeal:

"This statute, as all statutes, of course, must be read in the light of reason and common sense. In its application to a given set of circumstances, it must not be made to produce something which the Legislature, as a reasonably-minded body, could never have intended. The Statutory Construction Act of May 28, 1937, P. L. 1019, Article IV, §52, 46 P.S. §552, states that in ascertaining the intention of the Legislature the courts may be guided by the presumption that 'The legislature does not intend a result that is absurd, impossible of execution, or unreasonable' ".

We neither decide nor discuss, as being unnecessary, the constitutional rights of defendant in refusing to comply with the provisions of section 830 of The Game Law. The question obviously arises.

For the reasons hereinabove set forth, we enter the following

### ORDER

The appeal of Lewis George is sustained and the charge of failure to file a report of a hunting injury within 72 hours is dismissed.

Costs, pursuant to the Act of October 22, 1955, P. L. 720, no. 204, sec. 1, 34 PS §1311.1217, on Pennsylvania Game Commission.